IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DUKE POWER, A Division of DUKE ENERGY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-485C (Judge Sypolt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME

Defendant, the United States, respectfully requests that the Court enlarge the time within which defendant must respond to plaintiff's response to the Court's October 14, 2004 show cause order by 30 days, to and including January 14, 2005. Defendant's response is currently due on December 15, 2004. Defendant has not previously sought any enlargements of time for this purpose. Counsel for plaintiff has represented that plaintiff does not oppose an enlargement of time until December 23, 2004, but opposes an enlargement beyond that date.

In response to the Court's October 14, 2004 order, and in response to the plaintiff's filing in this case in response to that order, we have been attempting to work with the Department of Energy to develop an appropriate response. The issues that the Court's order raises implicate numerous positions that the Department of Justice has taken in past litigation before the United States Court of Appeals for the District of Columbia Circuit and, potentially, in other circuits that was handled by the Environmental and Natural Resources Division within the Department of Justice. We have been attempting to obtain and review archived files from those cases to assist us in understanding the bases for these positions and their relationship to the issues that the Court identified in its October 14, 2004 show cause order. At the present time, we are still awaiting

copies of some of those archived files. More importantly, however, the complexity of the issues raised in the Court's October 14, 2004 order and the potential effect of those issues upon the spent nuclear fuel ("SNF") litigation is requiring discussions and evaluations beyond the level of counsel for defendant. Because of the importance of those issues and the extent of the research that we need to perform fully to investigate the legal issues implicated by the Court's order, we need additional time to develop an appropriate response. Further, because of the impending holiday period, individuals with whom we need to consult in developing our response will be unavailable for periods of time in late December and early January. For these reasons, we need additional time beyond that which we might otherwise need to complete our response and obtain the appropriate approvals for its filing.

In addition, significant amounts of work that a limited team of attorneys has been required to perform have impeded our ability to devote full resources to the issues implicated in the Court's October 14, 2004 order. Specifically, the Government has been required by other judges in this Court to devote substantial time and resources to preparation of the Government's extensive initial post-trial pleadings in Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.), which were filed on November 18, 2004, and to the preparation of the extensive response post-trial Yankee pleadings, which are due on December 22, 2004. Further, extensive discovery activity in Sacramento Municipal Utility District v. United States, No. 98-488C (Fed. Cl.), Southern Nuclear Operating Co. v. United States, No. 98-614C (Fed. Cl.), and Tennessee Valley Authority v. United States, No. 01-249C (Fed. Cl.), all scheduled for trial between March and August 2005, that we have been unable to defer has required us to devote significant resources to those cases and to those discovery activities. In addition, the

Government has recently been obligated to respond to extensive pleadings that counsel for the plaintiff in this case has filed in several other spent nuclear fuel cases, including various cases filed by affiliates of Entergy Nuclear. Further, and significantly, at the request of several plaintiffs, Government attorneys assigned to these cases have recently devoted time and are continuing to devote time to evaluating the possibility of settlement of specific spent nuclear fuel cases, which has again precluded us from devoting full attention and resources to the Government's effort to develop a response to the show cause order here. Finally, with the impending holiday period, several of the attorneys who are working upon these cases will be away from the office on previously scheduled leave, precluding significant development of the Government's responses during the week of December 20, 2004, the week of December 27, 2004, and the first part of the week of January 3, 2005.[1]

Counsel for the plaintiff informed us that his clients oppose an enlargement beyond December 23, 2004, because his clients are anxious to learn the Government's position regarding the Court's October 14, 2004 show cause order. Although we certainly understand the plaintiff's desire, the complexity of the issues in question and the significant need for extensive coordination and approvals within the Department of Justice and the Department of Energy, coupled with the extensive activities in which we have been required to engage in the spent nuclear fuel cases, have rendered it impossible for us to complete and file a full response to the Court's order by the current due date or by the plaintiff's requested date of December 23, 2004. The significance of these cases and the issues raised by the Court's October 14, 2004 order

[1] The attorney who has overall responsibility for the spent nuclear fuel litigation, Mr. Lester, is expected to be out of the office during the week of December 27, 2004, and through January 6, 2005, on previously scheduled leave.

warrant a thoroughly evaluated, fully researched, fully developed, and fully approved response, rather than a response that does not fully address the appropriate issues. To allow us to present the Court with a fully developed response, we respectfully request that the Court grant us the requested additional time.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

December 15, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 15th day of December, 2004, a copy of foregoing "DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.