IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DUKE POWER, A Division of DUKE ENERGY COMPANY, Plaintiff, | ) | |
| v. | ) | No. 98-485C (Judge Wiese) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to this Court's order dated February 23, 2005, defendant, the United States, respectfully responds to plaintiff's motion for reconsideration of the Court's prior order dated January 31, 2005.

## DISCUSSION

### I. WITH ALL DUE RESPECT, WE AGREE WITH THE PLAINTIFF THAT THE TRIAL COURT'S JURISDICTIONAL ANALYSIS IN ITS JANUARY 31, 2005 ORDER IS INCORRECT

In its January 31, 2005 order, the Court found that, pursuant to section 119 of the Nuclear Waste Policy Act ("NWPA"), 42 U.S.C. § 10139, the United States Court of Appeals for the District of Columbia Circuit, rather than this Court, possesses original and exclusive jurisdiction to entertain plaintiff's contract claims. As the Court is aware, in response to the Court's prior show cause order, in which the Court had indicated its preliminary views regarding this Court's jurisdiction, we agreed that, because section 302(a)(5) of the NWPA mandates that the Secretary enter into contracts with the owners and generators of SNF and mandates that certain terms be included in those contracts, see 42 U.S.C. § 10222(a)(5), challenges to the terms of the contracts themselves (and challenges to the absence of specific terms that nuclear utilities might have

wanted to include in the contracts) had to be presented to a United States circuit court of appeals within 180 days of the promulgation of those terms. Further, we agreed that current challenges to actual terms of the Standard Contract – and nuclear utility plaintiffs' attempts to add terms to the Standard Contract long after the contract's promulgation – are wholly untimely and inappropriate.

However, as we explained to the Court in response to its show cause order, we had no basis for departing from the Solicitor General's prior analyses, presented in his opposition to a petition for certiorari in Consolidated Edison Co. of New York v. Department of Energy, No. 98-1358 (D.C. Cir. Apr. 16, 1999), *cert. denied,* 529 U.S. 1003 (U.S. Mar. 6, 2000), and in his petition for certiorari in United States v. Northern States Power Company, 128 F.3d 754 (D.C. Cir. 1997), *cert. denied* 525 U.S. 1016 (U.S. Nov. 30, 1998).[1] In submitting those pleadings, the Solicitor General determined that challenges to the Secretary's failure to act in accordance with the express terms of the promulgated and executed contracts were not reviewable under the NWPA, but, instead, were properly presented to this Court under the Tucker Act.

Since that time, we have not identified any basis for altering our prior position regarding the jurisdiction of this Court, as opposed to the jurisdiction of the United States courts of appeals, to consider these matters. Although we do not agree with the plaintiff that the United States Court of Appeals for the Federal Circuit has already resolved this jurisdictional issue by implication in its decisions in Maine Yankee, Northern States, and Roedler – given that the appellate court was not presented with and did not consider the issue now presented – we agree

[1] The relevant portions of these pleadings were attached to our response to the Court's show cause order.

with the plaintiff that this Court, rather than the United States courts of appeals, possesses jurisdiction to entertain these contract claims. Accordingly, with all due respect, we agree with the plaintiff here that this Court's analysis of the jurisdictional issues in its January 31, 2005 order is in error.

## II. ALTHOUGH IT MIGHT BE BENEFICIAL TO OBTAIN FINAL RESOLUTION OF THIS JURISDICTIONAL ISSUE FROM THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, WE HAVE NO BASIS FOR OPPOSING PLAINTIFF'S MOTION FOR RECONSIDERATION

In response to the Court's request that we provide our views regarding whether the Court should vacate its January 31, 2005 order, we have no basis, in light of our agreement that this Court possesses jurisdiction to entertain plaintiff's contract claims, for opposing the plaintiff's request. Nevertheless, we recognize the benefits that final resolution by the United States Court of Appeals for the Federal Circuit of the jurisdictional issues raised by the Court's January 31, 2005 order would provide not only in this case, but in all of the spent nuclear fuel cases pending before this Court. As the Court is aware, the plaintiff in this case and the plaintiffs in the three other cases to which this Court's January 31, 2005 order is applicable recently filed a petition for permission to appeal the Court's January 31, 2005 order on an interlocutory basis. Although we do not oppose plaintiff's request that the Court vacate its January 31, 2005 order, we also would not oppose a decision by the Court to allow for appellate review of that decision to eliminate the possibility that, after significant additional resources have been expended in these cases, the appellate court might later raise this jurisdictional issue in a manner contrary to the positions that the parties are now presenting.

## III. EVEN THOUGH WE AGREE THAT THIS COURT POSSESSES JURISDICTION TO ENTERTAIN PLAINTIFF'S CONTRACT CLAIMS, WE BELIEVE THAT THE APPELLATE COURT OVERSTEPPED ITS JURISDICTION IN RULING UPON THE SCOPE OF THE "UNAVOIDABLE DELAYS" CLAUSE IN THE STANDARD CONTRACT

Based upon our understanding of the Court's jurisdiction, and as we explained in our response to the Court's show cause order, we believe that this Court properly possesses jurisdiction to revisit an issue that the plaintiffs believe was conclusively resolved in Northern States Power Co. v. Department of Energy, 128 F.3d 754 (D.C. Cir. 1997). As we explained in our show cause order response, the Government consistently has taken the position that the Court of Federal Claims has the exclusive jurisdiction to resolve issues concerning the construction and administration of the Standard Contract. As we established in that response, the United States courts of appeals do not possess jurisdiction under section 119 of the NWPA to review performance-related matters arising under the Standard Contract. Indeed, it is for this very reason that this Court can, and should, notwithstanding the United States Court of Appeals for the District of Columbia Circuit's decision in Northern States Power, resolve the issue of whether DOE may properly invoke the "unavoidable delay" provision of the Standard Contract. For the reasons that we set forth in our show cause order response, we respectfully request that the Court, as part of its jurisdictional ruling, order that the Government may present evidence and argument to establish that the Government's delay was caused by an "unavoidable delay" within the meaning of the Standard Contract's "Unavoidable Delays" clause.

Recently, another judge of the Court of Federal Claims issued a decision criticizing the January 31, 2005 decision of this Court and, further, implicitly provided another basis for this Court's ability to question the D.C. Circuit's decision in Northern States. In Boston Edison Co. v.

United States, No. 99-447C, 2005 WL 375603 (Fed. Cl. Feb. 15, 2005), Judge Lettow "disagree[d] with both the rationale and result in *Florida Power* and conclude[d] that [the court] has jurisdiction" to entertain claims arising from contracts entered pursuant to the NWPA. Id. at *5. As part of his analysis, he found that "[j]urisdiction over actions taken under Title III [of the NWPA]," including those under section 302 of the NWPA, "is not affected at all by Section 119." Id. at *9-*10. This decision is directly contrary to the prior opinions of the D.C. Circuit, which has expressly held that the jurisdictional provisions of section 119 vesting original and exclusive jurisdiction in the United States courts of appeals affirmatively encompass activities under Title III of the NWPA, including section 302. See Wisconsin Elec. Power Co. v. Department of Energy, 778 F.2d 1, 2-3 (D.C. Cir. 19850; General Elec. Uranium Mgt. Corp. v. United States Dep't of Energy, 764 F.2d 896, 901-02 (D.C. Cir. 1985). Jurisdiction for the D.C. Circuit's decisions in Indiana Michigan Power Co. v. Department of Energy, 88 F.3d 1272 (D.C. Cir. 1996), and Northern States, as well as the United States Court of Appeals for the Eleventh Circuit's decision in Alabama Power Co. v. United States Department of Energy, 307 F.3d 1300 (11th Cir. 2002) – decisions upon which the plaintiff is relying as precedent in this case – was premised upon section 119's grant of original and exclusive jurisdiction to the United States courts of appeals to review issues arising out of Title III of the NWPA. Although, in its motion for reconsideration, the plaintiff asserts that the D.C. Circuit's decisions in Indiana Michigan and Northern States are res judicata in this case, Pl. Mtn. at 12, the D.C. Circuit would have lacked jurisdiction to entertain any of the issues in those cases under the Court's rationale in Boston Edison. Under that rationale, and for the reasons established in our response to the Court's prior show cause order, this Court would be entitled to revisit the issues decided in those cases.

Christopher Village v. United States, 360 F.3d 1319, 1329-30 (Fed. Cir. 2004).[2] As part of any order vacating the Court's January 31, 2005 order, we respectfully request that the Court find that the Government is entitled to litigate the issue of the applicability of the "Unavoidable Delays" clause to the delay at issue in this case.

---

[2] We disagree with the Court's finding in Boston Edison that section 119 does not apply to any decisions arising under Title III. However, assuming that the Court here adopts that finding, it would provide another basis for this Court's review of the matters addressed in the D.C. Circuit's decision in Northern States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Russell A. Shultis by Harold D. Lester, Jr.
RUSSELL A. SHULTIS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

March 1, 2005

CERTIFICATE OF FILING

I hereby certify that on this 1st day of March, 2005, a copy of foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.