IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Electronically Filed October 13, 2005)

| | |
|---|---|
| **DUKE POWER**, A Division of DUKE ENERGY CORPORATION, Plaintiff, v. **THE UNITED STATES**, Defendant. | No. 98-485C (Senior Judge Wiese) |

**MOTION FOR LEAVE TO FILE EXPERT REPORTS UNDER SEAL**

Pursuant to RCFC 7, General Order No. 42a, ¶ 7, the Court's June 2, 2005 Order, and the May 9, 2002 Coordinated Discovery Protective Order ¶¶ 6-7 ("Protective Order"), Plaintiff Duke Power ("Duke"), a division of Duke Energy Corporation, respectfully requests leave to file under seal the following three expert reports: (1) Assessment of Damages, Duke Energy Corporation's Spent Nuclear Fuel Claim; (2) Expert Report Regarding Determination of the U.S. Department of Energy's Overall Spent Nuclear Fuel Acceptance Rate; and (3) Expert Report Regarding Spent Nuclear Fuel Acceptance Rights for Duke Energy Corporation's Nuclear Power Plants.

The Protective Order governing this case allows a party to request an order placing documents under seal and limiting access to the confidential material to only the Court, the Court's employees, and counsel for the parties (and their agents). Protective Order ¶¶ 6-7. Duke requests this protection and requests that the three expert reports be placed under seal, because they include descriptions of and references to Duke's proprietary and confidential business information.

Furthermore, General Order No. 42a, ¶ 7, notes that "documents to be placed under seal shall not be filed electronically unless and until authorized by the assigned judge." General Order No. 42a also states that "[a] motion to file documents under seal may be filed electronically, unless prohibited by law. The documents to be filed under seal shall not be attached to the motion, but shall be filed after the motion is granted." Id.

Consistent with General Order No. 42a's language, Duke submits this motion for leave to file its three expert reports under seal and will await a Court order to file these three expert reports with the Court (although it will serve the Government with a copy this date). These three expert reports constitute Duke's response to the Court's June 2, 2005 Order, in which the Court directed that Duke produce a "claim letter" identifying all the costs that it seeks to recover in this action. To the extent that this Court prefers Duke to file these documents under seal electronically (as opposed to physically over-the-counter in the Clerk's office), Duke also requests leave to file electronic files exceeding 2 megabytes in size. See General Order 42a, ¶ 4. Thus, Duke respectfully requests leave to file its three expert reports under seal.

## CONCLUSION

For the foregoing reasons, Duke respectfully requests leave from the Court to file its expert reports under seal, either electronically or physically over-the-counter in the Clerk's office.

Dated: October 13, 2005

Respectfully submitted,

s/ Alex D. Tomaszczuk by s/ Jack Y. Chu

Alex D. Tomaszczuk
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Counsel of Record for Plaintiff Duke Power, A Division of Duke Energy Corporation

Of Counsel:

Jay E. Silberg
Daniel S. Herzfeld
Jack Y. Chu
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037
(202) 663-8000
(202) 663-8007 (fax)